1  MICHAEL J. IOANNOU (SBN 95208)
   J. MARK THACKER (SBN 157182)
2  LITA M. VERRIER (SBN 181183)
   ROPERS, MAJESKI, KOHN & BENTLEY
3  50 West San Fernando Street, Suite 1400
   San Jose, CA 95113-2429
4  Telephone:    (408) 287-6262
   Facsimile:    (408) 918-4501
5  Email:        mioannou@rmkb.com
                 jthacker@rmkb.com
6
7  Attorneys for Defendants TECHNOLOGY
   PROPERTIES LIMITED LLC, a California limited
8  liability company, ALLIACENSE LLC, a Delaware
   limited liability company; DANIEL EDWIN
9  LECKRONE, DANIEL McNARY LECKRONE and
   MICHAEL DAVIS

10 HEINZ BINDER (SBN 87908)
   BINDER & MATLER, LLP
11 2775 Park Avenue
   Santa Clara, CA 95050
12 Telephone: (408)295-1700
   Facsimile: (408) 295-1531
13 Email:     Heinz@bindermalter.com

14 Attorneys for Defendant TECHNOLOGY
   PROPERTIES LIMITED LLC, a California limited
15 liability company

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| CHARLES H. MOORE,<br><br>Plaintiff,<br><br>v.<br><br>TECHNOLOGY PROPERTIES LIMITED LLC, a California limited liability company; ALLIACENSE LLC, a Delaware limited liability company; DANIEL EDWIN LECKRONE, an individual; DANIEL MCNARY LECKRONE, an individual, MICHAEL DAVIS, an individual; and Does 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 5:10-CV-04747-JW<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO F.R.C.P., RULE 12 (b) (6); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DANIEL E. LECKRONE IN SUPPORT THEREOF**<br><br>Date:       December 20, 2010<br>Time:       9:00 a.m.<br>Courtroom:  8 – 4th Floor<br>Judge:      Hon. James Ware |

**TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on December 20, 2010, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Department 8 of the above-entitled court, located at 280 South First Street, San Jose, California, the Honorable James Ware presiding, Defendants Technology Properties Limited LLC, Alliacense LLC, Daniel Edwin Leckrone, Daniel McNary Leckrone and Michael Davis will move to dismiss the Complaint herein on the grounds that it fails to state facts constituting a claim for relief against Defendants under Federal Rule of Civil Procedure 12(b)(6).

In the alternative, Defendants move to dismiss all or each of plaintiffs' causes of action, including causes of action one through eight, on the grounds that each fails to state facts sufficient to state a claim for relief.

This motion is based on this Notice, the pleadings, records, files, Memorandum of Points and Authorities, the Declaration of Daniel E. Leckrone, and on such further oral and documentary evidence as may be presented at the hearing of this motion.

Dated: October 27, 2010

ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ *J. MARK THACKER*
J. MARK THACKER
Attorneys for Defendants
TECHNOLOGY PROPERTIES LIMITED
LLC, a California limited liability
company, ALLIACENSE LLC, a Delaware
limited liability company; DANIEL
EDWIN LECKRONE, DANIEL
McNARY LECKRONE and MICHAEL
DAVIS

MICHAEL J. IOANNOU (SBN 95208)
J. MARK THACKER (SBN 157182)
LITA M. VERRIER (SBN 181183)
ROPERS, MAJESKI, KOHN & BENTLEY
50 West San Fernando Street, Suite 1400
San Jose, CA  95113-2429
Telephone:  (408) 287-6262
Facsimile:  (408) 918-4501
Email:  mioannou@rmkb.com
        jthacker@rmkb.com

Attorneys for Defendants
TECHNOLOGY PROPERTIES LIMITED LLC, a
California limited liability company, ALLIACENSE
LLC, a Delaware limited liability company;
DANIEL EDWIN LECKRONE, DANIEL
McNARY LECKRONE and MICHAEL DAVIS

HEINZ BINDER, State Bar No. 87908)
BINDER & MATLER, LLP
2775 Park Avenue
Santa Clara, CA  95050
Telephone:  (408)295-1700
Facsimile:  (408) 295-1531
Email: Heinz@bindermalter.com

Attorneys for Defendant
TECHNOLOGY PROPERTIES LIMITED LLC, a
California limited liability company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| CHARLES H. MOORE,<br><br>Plaintiff,<br><br>v.<br><br>TECHNOLOGY PROPERTIES LIMITED LLC, a California limited liability company; ALLIACENSE LLC, a Delaware limited liability company; DANIEL EDWIN LECKRONE, an individual; DANIEL MCNARY LECKRONE, an individual, MICHAEL DAVIS, an individual; and Does 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 5:10-CV-04747-JW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO F.R.C.P., RULE 12(b)(6)**<br><br>Date:        December 20, 2010<br>Time:        9:00 a.m.<br>Courtroom:   8 – 4th Floor<br>Judge:       Hon. James Ware |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. PLAINTIFF'S ALLEGATIONS .......................................................................................... 1

III. LEGAL ARGUMENT .......................................................................................................... 2

    A. MOORE HAS FAILED TO ALLEGE FACTS SUFFICIENT TO STATE ANY CAUSE OF ACTION AGAINST DEFENDANTS DANIEL MCNARY LECKRONE, MICHAEL DAVIS OR ALLIACENSE ...................... 2

        1. Moore Has Not Stated A Claim For Cancellation (First and Second Causes of Action) Against Defendants Daniel McNary Leckrone, Michael Davis Or Alliacense ...................................................................... 2

        2. Moore Has Not Stated A Claim For "Conspiracy To Commit Fraud" (Fifth Cause of Action) As Against Defendants Daniel McNary Leckrone, Michael Davis Or Alliacense .......................................... 3

        3. Moore Has Not Stated A Claim For Breach Of Contract (Sixth Cause of Action) Against Defendant Alliacense .......................................... 3

    B. MOORE HAS NOT STATED A CLAIM FOR INJUNCTIVE RELIEF (EIGHTH CAUSE OF ACTION) AGAINST ANY DEFENDANT OTHER THAN TPL ......................................................................................... 4

    C. MOORE HAS FAILED TO ALLEGE FACTS SUFFICIENT TO STATE ANY CLAIM AGAINST DANIEL EDWIN LECKRONE ..................................... 5

    D. FOR THE REASONS STATED ABOVE REGARDING THE DEFICIENCIES OF MOORE'S ALLEGATIONS AS TO THE EXISTENCE OF AN ATTORNEY-CLIENT RELATIONSHIP, MOORE HAS FAILED TO STATE A CLAIM AGAINST ANY DEFENDANT FOR CANCELLATION OR RESCISSION OF THE COMMERCIALIZATION AGREEMENT OR AMENDMENT .......................... 8

    E. FOR THE REASONS STATED ABOVE REGARDING THE DEFICIENCIES OF MOORE'S ALLEGATIONS AS TO THE EXISTENCE OF AN ATTORNEY-CLIENT RELATIONSHIP, MOORE HAS FAILED TO STATE A CLAIM AGAINST ANY DEFENDANT FOR CONSPIRACY TO COMMIT FRAUD ............................................................ 8

IV. CONCLUSION ..................................................................................................................... 9

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

# TABLE OF AUTHORITIES

Page

**CASES**

*Ashcroft v. Iqbal* (2009)
   556 U.S. ____ 129 S. Ct. 1937, 1949-1950 .................................................................... 4, 5, 8

*Bell Atlantic Corp. v. Twombly* (2007)
   550 U.S. 544, 554-556 ....................................................................................................... 4, 8

*Branch v. Tunnell* (9th Cir. 1994)
   14 F3d 449, 454 .................................................................................................................. 1, 7

*Carroll v. Carroll* (1940)
   16 Cal.2d 761, 770-771 ........................................................................................................... 2

*FPI Development, Inc. v. Nakashima* (1991)
   231 Cal.App.3rd 367 ............................................................................................................... 4

*Galbraith v. County of Santa Clara* (9th Cir. 2002)
   307 F3d 1119, 1127 ............................................................................................................ 1, 7

*In re Stac Electronics Securities Litig.* (9th Cir. 1996)
   89 F3d 1399, 1405, fn. 4 .................................................................................................... 1, 7

*Unruh v. Truck Insurance Exchange* (1972)
   7 Cal.3rd 616 ........................................................................................................................... 3

*Vess v. Ciba-Geigy Corp. U.S.A.* (9th Cir. 2003)
   217 F.3rd 1097 ........................................................................................................................ 3

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure, Rule 8(a) ............................................................................. 5

Federal Rules of Civil Procedure, Rule 9(b) ....................................................................... 3, 8

Federal Rules of Civil Procedure, Rule 12(b)(6) .................................................................... 1

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

# I.

## INTRODUCTION

Plaintiff Charles Moore (hereinafter "Moore") has filed a Complaint alleging various claims based on a contract he entered into with Defendant Technology Properties Limited LLC. His complaint names multiple Defendants in addition to TPL, none of whom are parties to the contract. Moore has failed to allege sufficient facts to state any claim against Defendants Daniel Edwin Leckrone, Daniel McNary Leckrone, Michael Davis, or Alliacense LLC. Further, Moore has failed to allege any claim for injunctive relief, cancellation or rescission against any Defendant. Accordingly, Defendants have brought this motion to dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

# II.

## PLAINTIFF'S ALLEGATIONS

Moore's allegations focus on a purported attorney-client relationship between himself and Defendant Daniel Edwin Leckrone, and a contract and amendment ("Commercialization Agreement" and "Amendment") he entered into with Defendant Technology Properties Limited, LLC ("TPL"). Specifically, Moore claims that during the purported attorney-client relationship with Daniel Edwin Leckrone, Mr. Leckrone drafted a contract between Moore and TPL pursuant to which TPL would commercialize a certain portfolio of patents ("MMP Portfolio") through licensing of these patents to third parties. [Complaint, ¶¶ 7-20.]

Although Moore does not attach as an exhibit to his complaint either a copy of the Commercialization Agreement or Amendment,[1] Moore's allegations clearly establish that the Commercialization Agreement and Amendment are solely between himself and TPL. None of the other named Defendants are alleged to be parties to the contract. [E.g., Complaint, ¶¶ 20 and

---

[1] Defendants have submitted true and correct copies of both the Commercialization Agreement and Amendment for the Court's consideration pursuant to the well-established rule that "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does 'not convert the motion to dismiss into a motion for summary judgment.'" [*Branch v. Tunnell* (9th Cir. 1994) 14 F3d 449, 454 (overruled on other grounds in *Galbraith v. County of Santa Clara* (9th Cir. 2002) 307 F3d 1119, 1127); See also, *In re Stac Electronics Securities Litig.* (9th Cir. 1996) 89 F3d 1399, 1405, fn. 4.]

42.] In alleging some of the terms of the Commercialization Agreement and Amendment, Moore identifies TPL as the only entity owing Moore any obligations under either agreement. [Complaint, ¶¶ 31 and 43.] Further, Moore alleges numerous breaches of the Commercialization Agreement and Amendment, in each instance identifying TPL as the sole breaching party. [Complaint, ¶¶ 32-42, 45-48, 51.]

Additionally, there are no **factual** allegations with respect to Defendants Daniel McNary Leckrone, Michael Davis or Alliacense. These Defendants are mentioned in the complaint by name only in generalized, non-specific references. [E.g., Complaint, ¶¶ 35-37, 40, 48, 52, 60, 75, 111, 123, 124.]

Based on these allegations, Moore has alleged causes of action for cancellation of the Commercialization Agreement and Amendment against all Defendants (first and second causes of action), rescission of both the Commercialization Agreement and Amendment, and for a constructive trust and accounting against Defendants TPL and Daniel Edwin Leckrone (third, fourth and seventh causes of action), conspiracy to commit fraud against all Defendants (fifth cause of action), breach of contract against Defendants TPL and Alliacense (sixth cause of action), and injunctive relief against all Defendants (eighth cause of action).

## III.

## LEGAL ARGUMENT

### A. MOORE HAS FAILED TO ALLEGE FACTS SUFFICIENT TO STATE ANY CAUSE OF ACTION AGAINST DEFENDANTS DANIEL MCNARY LECKRONE, MICHAEL DAVIS OR ALLIACENSE

#### 1. Moore Has Not Stated A Claim For Cancellation (First and Second Causes of Action) Against Defendants Daniel McNary Leckrone, Michael Davis Or Alliacense

Moore has not alleged any contractual relationship with Defendants Daniel McNary Leckrone, Michael Davis or Alliacense sufficient to constitute a claim against any of them for cancellation. Not only are none of these Defendants parties to the instrument which Moore seeks to cancel, Moore has not alleged any facts to establish that any of these Defendants are sufficiently involved in any of the alleged acts on which the cancellation claim is based. [E.g., *Carroll v. Carroll* (1940) 16 Cal.2d 761, 770-771.]

Accordingly, Defendants' motion should be granted with respect to Plaintiff's first and second causes of action.

### 2. Moore Has Not Stated A Claim For "Conspiracy To Commit Fraud" (Fifth Cause of Action) As Against Defendants Daniel McNary Leckrone, Michael Davis Or Alliacense

Federal Rules of Civil Procedure, Rule 9(b) mandates that a Plaintiff "must state with particularity the circumstances constituting fraud or mistake." Furthermore, "[a]verments of fraud must be accompanied by 'the who, what, when, where and how' of the misconduct alleged." [*Vess v. Ciba-Geigy Corp. U.S.A.* (9th Cir. 2003) 217 F.3rd 1097, 1106 (quoting in part *Cooper v. Pickett* (9th Cir. 1997) 137 F.3rd 616, 627).] This mandate applies to fraud claims as well as claims "grounded in fraud" such as Moore's "conspiracy to commit fraud" claim. [*Vess v. Ciba-Geigy Corp. U.S.A., supra*, 217 F.2d at 1107.] Moreover, if a plaintiff fails to meet this pleading standard, dismissal is appropriate. [*Id.*]

Moore has undeniably failed to meet the strict pleading standard imposed by Federal Rules of Civil Procedure, Rule 9(b) with respect to Defendants Daniel McNary Leckrone, Michael Davis or Alliacense. He has alleged **no** facts to establish any misconduct by or connected with any of these Defendants. Moreover, Moore has failed to include any allegation concerning the formation and operation of the purported conspiracy. [E.g., *Unruh v. Truck Insurance Exchange* (1972) 7 Cal.3rd 616, 613, *superseded by statute on other grounds as stated in, Hendy v. Losse (1991) 54 Cal.3rd 723, 731-732.]*

Based on the foregoing, Moore has failed to comply with the mandate of Rule 9(b) as to any element of his fifth cause of action, and therefore, the claim should be dismissed as to Defendants Daniel McNary Leckrone, Michael Davis and Alliacense.

### 3. Moore Has Not Stated A Claim For Breach Of Contract (Sixth Cause of Action) Against Defendant Alliacense

Moore's sixth cause of action is based on a purported breach of the Commercialization Agreement by both TPL and Alliacense. [Complaint, ¶¶ 110-112.] However, Moore has failed to allege any facts to establish a contractual relationship between himself and Defendant Alliacense, or that Alliacense assumed any obligation to Moore under the Commercialization Agreement.

To state a cause of action for breach of contract, Moore must allege "the existence of a contract, its terms which establish the obligation in issue, the occurrence of any conditions precedent to enforcement of the obligation, and the breach of that obligation." [*FPI Development, Inc. v. Nakashima* (1991) 231 Cal.App.3rd 367, 383.] As discussed above, Moore has not alleged any of these elements with respect to Defendant Alliacense. Accordingly, this motion to dismiss should be granted with respect to Plaintiff's sixth cause of action against Defendant Alliacense.

### B. MOORE HAS NOT STATED A CLAIM FOR INJUNCTIVE RELIEF (EIGHTH CAUSE OF ACTION) AGAINST ANY DEFENDANT OTHER THAN TPL.

Although a "short and plain statement" of a plaintiff's claim is usually sufficient under Federal Rules of Civil Procedure, Rule 8(a)(2), a plaintiff must nevertheless allege sufficient **facts** to provide "fair notice" of the claim, as well as the "grounds upon which it rests." [*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 554-556.] Specifically, "a plaintiff's obligation to provide the 'grounds' for his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." [*Id.* at 555.] Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." [*Id.*]

As the United States Supreme Court recognized in *Ashcroft v. Iqbal* (2009) 556 U.S. ___, 129 S. Ct. 1937, 1949-1950, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a **plausible claim** for relief survives a motion to dismiss." [Emphasis added.]

Moore's cause of action for injunctive relief, although directed against all Defendants, relies exclusively on the alleged "wrongful withholding of information and financial results, and refusal to pay licensing royalties or a percentage of the gross to Plaintiff Moore." [Complaint, ¶ 124.] The specific relief sought by Moore is to enjoin Defendants from "assigning, selling,

encumbering or otherwise transferring" the MMP patents, and from issuing any license for any MMP patent without disclosure to Moore. [Complaint, Prayer ¶ 28.] Moore seeks to enjoin Defendants from breaching the Commercialization Agreement and/or Amendment.

With respect to Defendants Daniel Edwin Leckrone, Daniel McNary Leckrone, Michael Davis and Alliacense, Plaintiff has not alleged any facts to establish that any of these Defendants are parties to the contracts Moore seeks to enforce, or that any of these Defendants have in any way assumed any obligations to Moore under the Commercialization Agreement or Amendment. Accordingly, Moore's allegations against these Defendants fail to meet the threshold requirements under Federal Rule of Civil Procedure, Rule 8(a) of well-pleaded facts stating a plausible claim for relief with respect to these Defendants. Accordingly, this motion to dismiss should be granted with respect to Plaintiff's eighth cause of action as to all named Defendants other than Defendant TPL.

### C. MOORE HAS FAILED TO ALLEGE FACTS SUFFICIENT TO STATE ANY CLAIM AGAINST DANIEL EDWIN LECKRONE.

Moore's claims against Daniel Edwin Leckrone are based exclusively on a purported attorney-client relationship between himself and Mr. Leckrone. However, based on the factual allegations, as well as the absence of such allegations, Moore's claims do not meet the threshold requirements under F.R.C.P. Rule 8(a). As discussed above, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." [*Ashcroft v. Iqbal* (2009) 556 U.S. \_\_\_\_, 129 S. Ct. 1937, 1949-1950.] As the Court in *Ashcroft v. Iqbal* held, "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" [*Id.* at 1949, *citing, Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 570.] Furthermore, many if not all of Moore's claims against Mr. Leckrone are "grounded in fraud," and therefore, must meet the strict requirements for particularity. [*Vess v. Ciba-Geigy Corp. U.S.A., supra*, 217 F.2d at 1107.]

Moore's allegations of an on-going attorney-client relationship with Daniel Edwin Leckrone amount to nothing more that "threadbare" conclusory allegations, and consequently, satisfy neither the requirements of "particularity" or "plausibility." For example, Moore simply

alleges the **conclusion** that "Prior to October 2002, Attorney Leckrone formed a continuing attorney-client relationship with Plaintiff Moore." [Complaint, ¶ 7.] Moore further describes his problems with TRIO S.A. concerning TRIO's withholding payment from Moore related to a patent he apparently held jointly with TRIO. Moore further alleges that he met "Attorney Leckrone" who "offered legal assistance." [Complaint, ¶ 11.] Nothing is alleged with respect to the specific "legal assistance" to be rendered, or the subject matter or objectives of any legal advice or representation, or the specific terms of any retainer agreement or fees. In fact, there is nothing alleged that distinguishes the "services" allegedly provided by Mr. Leckrone from general business advice or assistance. Instead, Moore merely alleges that "Attorney Leckrone" offered to negotiate a settlement with TRIO to allow Moore to pursue other business opportunities with his patents. Moore also alleges that "Attorney Leckrone" later negotiated an employment agreement for Moore with iTV, and recovered two patents that Moore has assigned to iTV. [Complaint, ¶¶ 13-19.] Moore never specifically alleges the agreed upon scope or objectives of the alleged attorney-client relationship beyond a basic description of assistance provided by Daniel Edwin Leckrone with respect to TRIO and iTV.

With respect to the Commercialization Agreement, Moore alleges that the attorney-client relationship continued during the time "Attorney Leckrone" allegedly drafted the agreement. Moore alleges in conclusory fashion that "[b]efore and at the time of this meeting [to review the Commercialization Agreement], Plaintiff Moore viewed Attorney Leckrone as his attorney and legal counsel." He also alleges without any factual support that at the time the Commercialization Agreement was signed Moore did not have any other legal counsel, and that "[a]t no time before, or after, the execution of the ComAg did Attorney Leckrone terminate the attorney-client relationship that existed between Attorney Leckrone and Plaintiff Moore." In fact, Moore never specifically alleges the actual creation or scope of any attorney-client relationship between himself and Daniel Edwin Leckrone. Moore does not allege any facts to establish that Mr. Leckrone ever agreed at any time to provide legal representation of Moore for any purposes.

Moreover, Moore's failure to attach a copy of the Commercialization Agreement to his

complaint is significant in assessing the ultimate **plausibility** of these conclusory allegations.[2] The Commercialization Agreement contains three provisions under the heading "Independent Advisor" that further eliminate any semblance of plausibility of the alleged attorney-client relationship. These provisions state as follows:

> 12.1 TPL and its representatives have prepared this ComAg at the request of CHM [i.e., Moore] and neither TPL nor its representatives have for any purpose undertaken the representation of or entered into a lawyer/client relationship with CHM or any of its representatives."
>
> 12.2 CHM releases, acquits, and agrees to hold TPL and its representatives harmless with respect to all claims of whatsoever kind or nature related to the preparation, execution, and delivery of this ComAg.
>
> 12.3. CHM has sought and received the advice of independent counsel and is in no way relying on any advice or representations of TPL or its representatives. [Decl. D. Leckrone, Exhibit "A," sections 12.1, 12.2, and 12.3 (pp. 7-8).]

Moore refers only to section 12.3 in general without any explanation as to why he would have signed the agreement it such provisions were not accurate or acceptable. Interestingly, Moore does not allege that he raised with Mr. Leckrone either of the other sections which should have created substantial concern on his part if he truly believed an attorney-client relationship existed. In fact, Moore admits that he reviewed **every** page and initialed each one, and further reviewed the agreement with his wife in his home outside the presence of "Attorney Leckrone." [Complaint, ¶¶ 27 and 28.] Clearly, if Moore had actually believed that an attorney-client relationship had existed as alleged, these provisions would have created substantial concern on his part sufficient to result in more than just a generalized statement that he lacked the resources to hire independent counsel.

Based on the foregoing, Moore's claims against Daniel Edwin Leckrone are not alleged with sufficient particularity, and further, fail the plausibility test. Consequently, all claims asserted against Daniel Edwin Leckrone should be dismissed.

---

[2] See Footnote no. 1. [*Branch v. Tunnell* (9th Cir. 1994) 14 F3d 449, 454 (overruled on other grounds in *Galbraith v. County of Santa Clara* (9th Cir. 2002) 307 F3d 1119, 1127); *See also, In re Stac Electronics Securities Litig.* (9th Cir. 1996) 89 F3d 1399, 1405, fn. 4.]

D. **FOR THE REASONS STATED ABOVE REGARDING THE DEFICIENCIES OF MOORE'S ALLEGATIONS AS TO THE EXISTENCE OF AN ATTORNEY-CLIENT RELATIONSHIP, MOORE HAS FAILED TO STATE A CLAIM AGAINST ANY DEFENDANT FOR CANCELLATION OR RESCISSION OF THE COMMERCIALIZATION AGREEMENT OR AMENDMENT.**

Moreover, Moore's first through fourth causes of action for cancellation and/or rescission of the Commercialization Agreement and Amendment must be dismissed as they are all premised on the existence of an attorney-client relationship between Daniel Edwin Leckrone and Moore. Most importantly, these causes of action are premised on the reasonableness of Moore's purported reliance on the existence of that relationship to avoid being bound by the plain language of the Commercialization Agreement. [Complaint, ¶¶ 56 through 59 (first cause of action); 65 through 71 (second cause of action); 79 through 80 (third cause of action); 87 (fourth cause of action).] In each instance, Moore expressly alleges the existence of the attorney-client relationship as justification for his reliance on representations, or for the purposes of imposing fiduciary duties on Mr. Leckrone and TPL.

As discussed above, Moore has failed to plead sufficient facts to establish the existence of this purported relationship, or to pass the threshold test of plausibility. [*Ashcroft v. Iqbal* (2009) 556 U.S. ____ 129 S. Ct. 1937, 1949-1950; , *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 570.] Further, to the extent these causes of action are grounded in fraud, the strict pleading requirements of F.R.C.P., Rule 9 apply, but have not been met. Accordingly, this motion to dismiss Moore's first through fourth causes of action should be granted as to all Defendants.

E. **FOR THE REASONS STATED ABOVE REGARDING THE DEFICIENCIES OF MOORE'S ALLEGATIONS AS TO THE EXISTENCE OF AN ATTORNEY-CLIENT RELATIONSHIP, MOORE HAS FAILED TO STATE A CLAIM AGAINST ANY DEFENDANT FOR CONSPIRACY TO COMMIT FRAUD.**

As discussed above in Art. III.A.2, Moore has not alleged **any** facts with respect to Defendants Daniel McNary Leckrone, Michael Davis or Alliacense as to Moore's fifth cause of action for conspiracy to commit fraud. Moreover, with respect to the remaining Defendants against whom the claim is asserted – TPL and Daniel Edwin Leckron – Moore's failure to allege a plausible attorney-client relationship renders the claim deficient as to all Defendants, particularly given the heightened pleading requirements under F.R.C.P., Rule 9(b). Accordingly,

1   this motion to dismiss should be granted as to Moore's fifth cause of action with respect to the

2   remaining Defendants TPL and Daniel Edwin Leckrone.

### IV.

### CONCLUSION

Based on the foregoing, Plaintiff Moore has failed to state facts sufficient to allege any cause of action against Defendants Daniel Edwin Leckrone, Daniel McNary Leckrone, Michael Davis or Alliacense LLC. Additionally, Moore has failed to sufficiently allege a claim for cancellation or rescission as to any Defendant. Accordingly, Defendants respectfully request this Court to grant this motion to dismiss with respect to these Defendants as to each cause of action stated against them in Moore's Complaint.

Dated: October 27, 2010                    ROPERS, MAJESKI, KOHN & BENTLEY

By:     */s/ J. MARK THACKER*
MICHAEL J. IOANNOU
J. MARK THACKER
Attorneys for Defendants
TECHNOLOGY PROPERTIES LIMITED LLC, a California limited liability company, ALLIACENSE LLC, a Delaware limited liability company; DANIEL EDWIN LECKRONE, DANIEL McNARY LECKRONE and MICHAEL DAVIS

RC1/5733409.1/DB      - 9 -      CASE NO. 5:10-CV-04747-JW

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO F.R.C.P., RULE 12(B)(6)