Kenneth H. Prochnow
kprochnow@chilesprolaw.com
CHILES and PROCHNOW, LLP
Stanford Financial Square
2600 El Camino Real, Suite 412
Palo Alto, California 94306-1719
Telephone: 650-812-0400
Facsimile: 650-812-0404

Attorneys for Plaintiff Charles H. Moore

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CHARLES H. MOORE,<br><br>  Plaintiff,<br><br>vs.<br><br>TECHNOLOGY PROPERTIES LIMITED, LLC, et al.,<br><br>  Defendants. | Case No.: CV10-4747 JW<br><br>**Plaintiff Charles H. Moore's Memorandum In Opposition To Motion to Dismiss**<br><br>**Date:** January 24, 2011<br>**Time:** 9:00 a.m.<br>**Room:** 8, 4th Floor<br>**Judge:** Honorable James Ware |

Prosecutors tell the story of the boy who kills his parents and then begs mercy from the Court because he's an orphan.

In this case, defendants improperly remove plaintiff's state court complaint to federal court, and then seek dismissal here in substantial part because plaintiff's state court complaint is not a federal pleading. Plaintiff argues elsewhere that this Court lacks jurisdiction over the claims raised in his complaint; if indeed this case does ***not*** arise under the federal patent laws, there is no subject matter jurisdiction here, the case must be remanded, defendants' motion to dismiss is moot, and the parties can return to state court, delayed by several months with defendants undoubtedly enriched by the licenses they have written but not accounted for in the interim. Moot or not, defendants' motion to dismiss lacks merit.

**Defendants' Disfavored 12(b)(6) Motion To Dismiss**

"Traditionally, courts have viewed with 'disfavor' motions to dismiss under Rule 12(b)(6) because of the lesser role pleadings play in federal practice and the liberal policy re amendment." W.Schwarzer/A.W.Tashima/J.Wagstaffe CPG FEDERAL CIVIL PROCEDURE BEFORE TRIAL, "Standards Governing Rule 12(b)(6) Motions", Par.9:210, at p.9-64 [citing *Lombard v. US Unwired, Inc*. (5th Cir. 2009), 565 F.3d 228, 232 (Rule 12(b)(6) motions "viewed with disfavor and rarely granted"]; *Broam v. Bogan*, [9th Cir. 2003), 320 F.3d 1023, 1028 (Rule 12(b)(6) dismissal with prejudice proper only in "extraordinary" cases)].

Federal procedure endorses "notice" pleading; Rule 8(a)(2) requires only "a short and plain statement of the claim showing the pleader is entitled to relief." Thus, Plaintiff Moore's complaint – even as a state court complaint carried by defendants into this Court through removal – must be deemed sufficient it if gives defendants "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly* (2007), 550 U.S. 544, 555 (citing *Conley v. Gibson* (1957), 355 U.S. 41, 47-48).

Had Plaintiff Moore found a basis for originally filing his complaint in this Court, his existing complaint might here be faulted for being somewhat less (or more) than "short and concise." Defendants, however, take the opposite tack: they would compel greater detail and further facts in what is already a 29-page pleading. By any measure, Plaintiff Moore's state court complaint should here be deemed to provide defendants with ample and sufficient notice of what relief plaintiff seeks and the grounds on which his claim for relief rests. If this case is properly before this Court – which plaintiff disputes – the complaint provides adequate notice to defendants to permit an answer and to move this matter forward.

**Defendants' 12(b)(6) Motion Is Without Merit**

Plaintiff Moore's complaint sets out, in comprehensive detail, the facts that give rise to the California causes of action on which he seeks relief. The first 14 pages of plaintiff's state court complaint (Complaint at 1:21 – 15:10; hereafter, the "Underlying Facts") set out allegations of fact that are incorporated into each of the complaint's eight causes of action. Each cause of action, in turn, in addition to re-alleging the Underlying Facts, recites the

---

Plaintiff Moore's Memorandum In Opposition To Motion To Dismiss - 2

*Moore v. Technology Properties Limited, LLC, et al.,* Case No. CV10-4747 JW         {2655\03\00030306.DOC}

1  elements of that cause of action and the specific facts that speak to each such element.
2  Defendants have all the notice that Rule 8 contemplates, and then some.

3  In short, plaintiff's state court complaint is a pleading that would withstand a California
4  state court demurrer; defendants, having brought the case to this Court, can have no grounds to
5  avoid answer here, given the more lenient notice pleading standard of Rule 8.

6  As to defendants' specific attacks on plaintiff's state court complaint:

7  A.1. Assuming that defendants agree that plaintiff's first and second causes of action
8  for cancellation of the ComAg are appropriately alleged against defendants TPL and Daniel
9  Edwin Leckrone, plaintiff is willing to amend his complaint to direct his cancellation claims
10 (first and second causes of action) against those defendants only;

11 A.2. Plaintiff's fifth cause of action, for conspiracy to commit fraud, incorporates by
12 reference the Underlying Facts, as well as the highly detailed allegations of the fourth cause of
13 action, promise made without intent to perform. The facts underlying plaintiff's allegations of
14 fraud are more than sufficiently detailed to satisfy Rule 9(b) (even though the state court
15 complaint was, of course, drafted without reference to or guidance from the Federal Rules of
16 Civil Procedure). The "who, what, when, where and how" of the fraud plaintiff alleges is set
17 out in copious, Rule 9(b)-compliant detail. Defendants cannot extend the fraud pleading
18 requirement of Rule 9(b) into a comparable measure for a state law controlled conspiracy
19 claim. Plaintiff's fifth cause of action is sufficient as alleged, and requires answer by the
20 defendants,

21 A.3. Defendant Alliacense claims that it is not liable for breach of the ComAg contract.
22 Defendant Alliacense is identified and alleged to be "a wholly owned subsidiary of defendant
23 TPL." State Court Complaint, at 1:28 – 2:1. Defendant TPL is a party to the ComAg and to its
24 Amendment No.1. Defendant Alliacense, TPL's wholly owned subsidiary, is defendant TPL's
25 licensing arm (State Court Complaint, Par. 35, at 8:17-20). TPL's expenditures on its
26 Alliacense subsidiary contributed to the excessive and inappropriate charged expenses that
27 have denied plaintiff Moore his rightful share of license proceeds. (State Court Complaint, Par
28 36 & 37, at 8:21 – 9:17; Par. 40, at 9:26 – 10:3). TPL breached the ComAg and ComAg

1  Amendment contracts through its own actions and the actions of its subsidiary defendant
2  Alliacense. Defendant Alliacense has adequate notice of this claim.
3       B. The State Court Complaint seeks injunctive relief, appropriately so, against all
4  defendants. All defendants are accused of wrongdoing; moreover, all defendants must and
5  should be enjoined if the injunctive relief that plaintiff seeks is to be an adequate and sufficient
6  remedy. Plaintiff Moore's claim for injunctive relief (his eighth cause of action) is more than
7  sufficient to give notice of the injunctive relief that he will seek, by way of preliminary
8  injunction (after this Court rules on remand) and permanent injunction (after trial).
9       C. Defendant Daniel Edwin Leckrone ("Attorney Leckrone" in the State Court
10 Complaint) claims the need for further and more detailed factual explanation of the claims
11 plaintiff advances against him. His argument would be a weak one in support of a California
12 state court demurrer, but it is unfathomable and uncreditable as a position in this Court, under
13 Rule 8. He cannot and should not be heard to claim lack of notice, in the face of the 29-page
14 State Court Complaint.
15      D. The State Court Complaint more than adequately pleads the basis for a relationship
16 of trust and confidence between plaintiff Moore and Attorney Leckrone. Further detail would
17 be superfluous and is unnecessary under Rule 8.
18      E. The State Court Complaint's conspiracy cause of action is based on fraud, not on an
19 attorney-client relationship. As noted above, its allegations are more than sufficient to give
20 notice to the defendants of the basis for the conspiracy claim made against them.

21                                  **Conclusion**

22     Plaintiff Moore's State Court Complaint is not subject to dismissal by this Court under
23 Rule 12(b)(6). In the unlikely event that this Court (a) rejects remand and accepts this case as
24 somehow arising under the "federal patent laws" unmentioned in either the State Court
25 Complaint or in the defendants' motion to dismiss, and (b) grants the whole or any part of
26 defendants' motion to dismiss, any order granting defendants' motion should be without
27 prejudice to plaintiff's amendment of his State Court Complaint to make it the federal pleading
28 that defendants desire.

Respectfully submitted,

Dated: December 17, 2010                              CHILES AND PROCHNOW, LLP


                                                    *s/ Kenneth H. Prochnow*
                                              By: Kenneth H. Prochnow,
                                                    Attorneys for Plaintiff Charles H. Moore