MICHAEL J. IOANNOU (SBN 95208)
J. MARK THACKER (SBN 157182)
LITA M. VERRIER (SBN 181183)
ROPERS, MAJESKI, KOHN & BENTLEY
50 West San Fernando Street, Suite 1400
San Jose, CA  95113-2429
Telephone:    (408) 287-6262
Facsimile:     (408) 918-4501
Email:          mioannou@rmkb.com
                     jthacker@rmkb.com

Attorneys for Defendants
TECHNOLOGY PROPERTIES LIMITED LLC, a
California limited liability company, ALLIACENSE
LLC, a Delaware limited liability company;
DANIEL EDWIN LECKRONE, DANIEL
McNARY LECKRONE and MICHAEL DAVIS

HEINZ BINDER, State Bar No. 87908)
BINDER & MATLER, LLP
2775 Park Avenue
Santa Clara, CA 95050
Telephone: (408)295-1700
Facsimile: (408) 295-1531
Email: Heinz@bindermalter.com

Attorneys for Defendant
TECHNOLOGY PROPERTIES LIMITED LLC, a
California limited liability company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| CHARLES H. MOORE,<br><br>                    Plaintiff,<br><br>          v.<br><br>TECHNOLOGY PROPERTIES LIMITED LLC, a California limited liability company; ALLIACENSE LLC, a Delaware limited liability company; DANIEL EDWIN LECKRONE, an individual; DANIEL MCNARY LECKRONE, an individual, MICHAEL DAVIS, an individual; and Does 1 through 100, inclusive,<br><br>                    Defendants. | CASE NO.  5:10-CV-04747-JW<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO F.R.C.P., RULE 12(b)(6)**<br><br>**Date:**         **January 24, 2011**<br>**Time:**         **9:00 a.m.**<br>**Courtroom:** **8 – 4th Floor**<br>**Judge:**        **Hon. James Ware** |

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT
TO F.R.C.P., RULE 12(B)(6)

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1

**I.**

2

**INTRODUCTION**

3      Plaintiff's complaints about Defendants' removal of this action to this Court, and

4 subsequently filing this motion and a motion to compel arbitration, amount to nothing more than

5 a "red herring." Defendants were required to file the series of motions as they did or risk waiving

6 their ability and right to raise such issues in the future. [Removal: 28 U.S.C. § 1446(b), *United*

7 *Computer Systems, Inc. v. AT&T Corp.* (9th Cir. 2002) 298 Fed.3rd 756, 762; Motion to Dismiss:

8 F.R.C.P. Rule 12(b)(6), *Philippine Airlines, Inc. v. National Mediation Board* (N.D. CA. 1977)

9 430 F. Supp. 426, 427; Motion to Compel Arbitration: *Spear v. California State Automobile*

10 *Association* (1992) 2 Cal.4th 1035, 1043, *see also*, *Fisher v. A.G. Becker Paribas, Inc.* (9th Cir.

11 1986) 791 Fed.2nd 691, 694.]

12      In any event, Plaintiff's opposition to Defendants motion to dismiss, fails address

13 Defendants' arguments, and fails to cite any authority or otherwise explain how his factually

14 deficient allegations are sufficient to state any claim against any Defendant. Accordingly,

15 Defendants' motion to dismiss should be granted.

16

**II.**

17

**MOORE HAS NOT STATED ANY CLAIM AGAINST DEFENDANTS DANIEL MCNARY LECKRONE, MICHAEL DAVIS OR ALLIACENSE.**

18

19      Plaintiff essentially admits the deficiency of his first and second causes of action against

20 these Defendants by attempting to hold·them hostage in exchange for an agreement that these

21 claims are sufficiently alleged against Defendants TPL and Daniel Edwin Leckrone. As

22 explained in detail in Sec. III.C. of Defendants Memorandum of Points and Authorities in

23 support of their motion, neither cause of action is sufficiently alleged against Daniel Edwin

24 Leckrone. Defendants Daniel McNary Leckrone, Michael Davis and Alliacense should

25 nevertheless be dismissed.

26      Additionally, Plaintiff appears to dispute the application of Federal Rule of Civil

27 Procedure 9(b) to his efforts to assert a fraud-based claim against these three Defendants. He

28 cites no authority in support. In any event, his failure to allege **any** facts against any of these

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO F.R.C.P., RULE 12(B)(6)**

1  Defendants fails to satisfy even the most lenient pleading standard.

2  Finally, Plaintiff attempts to support his breach of contract claim against Alliacense by

3  arguing that it is a wholly owned subsidiary and the "licensing arm" of Defendant TPL.  These

4  allegations fail to establish the requisite contractual relationship between Alliacense and

5  Plaintiff.  [*FPI Development, Inc. v. Nakashima* (1991) 231 Cal.App.3rd 367, 383.]  Furthermore,

6  Plaintiff does not argue that the allegations are sufficient for any other claim.

7  Therefore, Defendants Daniel McNary Leckrone, Michael Davis and Alliacense should

8  be dismissed.

### III.

### MOORE'S CLAIM FOR INJUNCTIVE RELIEF IS DEFICIENT.

11  As explained in Defendants' moving papers, to meet the requirements of Rule 8(a)(2), a

12  plaintiff must not only state **facts**, but those facts must describe a **plausible** claim.  [*Bell Atlantic*

13  *Corp. v. Twombly* (2007) 550 U.S. 544, 554-556; *Ashcroft v. Iqbal* (2009) 556 U.S. _____ 129 S.

14  Ct. 1937, 1949-1950.]  It is clear that "threadbare recitals" and "conclusory statements" cannot

15  suffice under any applicable pleading standard.  In response, Plaintiff has not identified any

16  **factual** allegation in support of this claim.  He only argues that "[a]ll defendants are accused of

17  wrongdoing . . ."  Accordingly, Plaintiff's sixth cause of action should be dismissed as to every

18  Defendant except TPL.

### IV.

### MOORE'S CLAIMS AGAINST DANIEL EDWIN LECKRONE ARE DEFICIENT.

21  As noted above, and in Defendants' moving papers, there is at least a minimal pleading

22  standard that requires **facts** and **plausibility**.  Plaintiff has not addressed any of the authority or

23  arguments presented in Defendants' moving papers, but rather proclaims them as "unfathomable

24  and uncreditable [sic]" without any explanation or authority, and further relies on the fact that the

25  complaint is 29 pages in length.  Plaintiff's claims against Daniel Edwin Leckrone are factually

26  deficient, and not plausible.  Therefore, all claims against Mr. Leckrone should be dismissed.

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT
TO F.R.C.P., RULE 12(B)(6)

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V.

## MOORE HAS NOT ADEQUATELY ALLEGED THE EXISTENCE OF AN ATTORNEY-CLIENT RELATIONSHIP BETWEEN HIMSELF AND DANIEL EDWIN LECKRONE, AND THEREFORE, THE FIRST THROUGH FOURTH CAUSES OF ACTION ARE DEFICIENT.

As discussed above, Plaintiff has failed to address any of Defendants' arguments or authority. The first through fourth causes of action are deficient, and therefore, to the extent all causes of action are not dismissed against Mr. Leckrone, he should nevertheless be dismissed from the first through fourth causes of action.

## VI.

## ALL DEFENDANTS SHOULD BE DISMISSED FROM PLAINTIFF'S FIFTH CAUSE OF ACTION FOR CONSPIRACY TO COMMIT FRAUD.

Finally, Plaintiff does not explain why his fifth cause of action is sufficient against any Defendant. The allegations supporting it do not meet any applicable pleading standard, and therefore, it should be dismissed against all Defendants.

## VII.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that their motion to dismiss be granted.

Dated: January 3, 2011                    ROPERS, MAJESKI, KOHN & BENTLEY


By:   /s/ J. MARK THACKER
      MICHAEL J. IOANNOU
      J. MARK THACKER
      Attorneys for Defendants
      TECHNOLOGY PROPERTIES LIMITED
      LLC, a California limited liability
      company, ALLIACENSE LLC, a Delaware
      limited liability company; DANIEL
      EDWIN LECKRONE, DANIEL
      McNARY LECKRONE and MICHAEL
      DAVIS

RCI/5817081.1/DB

- 4 -

CASE NO. 5:10-CV-04747-JW

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO F.R.C.P., RULE 12(B)(6)