IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Charles H. Moore, | NO. C 10-04747 JW |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING DEFENDANTS' MOTIONS AS MOOT** |
| v. | |
| Technology Properties Limited, LLC, et al., | |
| Defendants. | |

## I. INTRODUCTION

Charles H. Moore ("Plaintiff") brings this action against Defendants[1] alleging, *inter alia*, breach of contract, fraudulent promise and conspiracy to commit fraud. Plaintiff alleges that Defendants retained the licensing proceeds from a portfolio of patents which Plaintiff owned without paying royalties to Plaintiff, in contravention of the parties' agreement.

Presently before the Court are: (1) Defendants' Motion to Compel Arbitration;[2] (2) Defendants' Motion to Dismiss Plaintiff's Complaint;[3] and (3) Plaintiff's Motion to Remand Removed Action.[4] The Court finds it appropriate to take the Motions under submission without oral

---

[1] Defendants are Technology Properties Limited, LLC ("TPL"), Alliacense LLC ("Alliacense"), Daniel Edwin Leckrone ("DE Leckrone"), Daniel McNary Leckrone ("DM Leckrone") and Michael Davis ("Davis").

[2] (Docket Item No. 9.)

[3] (Docket Item No. 11.)

[4] (hereafter, "Motion to Remand," Docket Item Nos. 20, 21.)

argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS Plaintiff's Motion to Remand and DENIES Defendants' Motions.

## II. BACKGROUND

**A.     Factual Allegations**

In a Complaint filed on September 27, 2010,[5] Plaintiff alleges as follows:

TPL is a California limited liability company with its principle place of business in Santa Clara and Alliacense is a Delaware limited liability company that is a wholly owned subsidiary of TPL. (Complaint ¶¶ 1-2.) DE Leckrone and DM Leckrone are licensed California attorneys, and the Chairman of the Board of TPL and the President of Alliacense, respectively. (Complaint ¶¶ 3-4.) Davis was the Executive Vice President of Licensing for Alliacense. (Id. ¶ 5.) Plaintiff and DE Leckrone began a continuing attorney-client relationship sometime prior to October 2002, when DE Leckrone assisted Plaintiff in reacquiring rights to certain patents Plaintiff owned and negotiating an employment contract between Plaintiff and a third-party company. (Id. ¶¶ 11-14.) Eventually, Plaintiff began negotiation of an agreement whereby DE Leckrone, through TPL, would agree to commercialize Plaintiff's patent portfolio by licensing the patents to third party companies. (Id. ¶ 19.) Plaintiff believed that the commercialization agreement he signed only granted TPL the right to license Plaintiff's patent portfolio on Plaintiff's behalf. (Id. ¶ 25.)

While the licensing efforts met with substantial initial success, Defendants failed to make regular royalty payments or to provide Plaintiff with an accounting of revenues and expenses, in contravention of the commercialization agreement. (Complaint ¶¶ 32-33.) Revenues generated by the licensing of Plaintiff's patent portfolio were diverted to support TPL's business expansion into the acquisition and licensing of unrelated patent portfolios. (Id. ¶¶ 34-38.) Further, Defendants began incurring unreasonable business expenses which were passed through to Plaintiff. (Id.) Plaintiff eventually re-negotiated with Defendants

---

[5] (Notice of Removal, Ex. A at 47-75, hereafter, "Complaint," Docket Item No. 1.)

2

and agreed to a written amendment to the original commercialization agreement which restructured how expenses and payments were to be distributed between Plaintiff and Defendants. (Id. ¶¶ 42-43.)

On September 27, 2006, Defendants breached the commercialization agreement and continue to be in breach of the agreement to this day. (Complaint ¶¶ 47, 111.) Defendants' ongoing breach of the obligations set forth in the commercialization agreement and the amendment include: (1) wrongful conversion of all right, title and interest in the most valuable patents in Plaintiff's portfolio through the filing of assignment papers with the United States Patent and Trademark Office; (2) failure to make royalty payments; (3) failure to provide quarterly operating statements and balance sheets; (4) failure to exert reasonable efforts to commercialize Plaintiff's patent portfolio; (5) failure to advise Plaintiff of any licenses entered into involving Plaintiff's patent portfolio; and (6) failure to provide a contractually mandated security interest in Plaintiff's patent portfolio. (Id.)

On the basis of the allegations outlined above, Plaintiff alleges eight causes of action: (1) Cancellation of Instrument by Means of Fraud of Attorney as to all Defendants; (2) Cancellation of Instrument by Means of Mistake or Misrepresentation as to all Defendants; (3) Rescission of the Commercialization Agreement as to Defendants TPL and DE Leckrone; (4) Rescission of Amendment One to the Commercialization Agreement as to Defendants TPL and DE Leckrone; (5) Conspiracy to Commit Fraud as to all Defendants; (6) Breach of Contract as to Defendants TPL and Alliacense; (7) Constructive Trust and Accounting as to Defendants TPL and DE Leckrone; and (8) Preliminary and Permanent Injunction as to all Defendants.

**B.** **Procedural History**

On September 27, 2010, Plaintiff filed this Complaint in the Superior Court of California for the County of Santa Clara. (Notice of Removal ¶ 1, Docket Item No. 1.) On October 5, 2010, Defendants TPL and Alliacense were served. (Id. ¶ 2.) On October 20, 2010, Defendants removed the action to federal court alleging original jurisdiction under 28 U.S.C. §§ 1331 and 1338. (Id. ¶ 3.) Specifically, Defendants alleged that the claims asserted in the Complaint arise under federal law,

3

1 and Plaintiff's right to relief on the claims alleged necessarily depends on the resolution of
2 substantial questions of federal patent law. (Id.)

3 Presently before the Court are various Motions by the parties. As Plaintiff's Motion to
4 Remand may be dispositive, the Court will address this Motion first.

### III. STANDARDS

If, prior to final judgment, the district court discovers its lack of subject matter jurisdiction, it must remand the case. 28 U.S.C. § 1447(c). A defendant seeking removal of an action to federal court bears the burden of establishing grounds for federal jurisdiction. Quinones v. Target Stores, No. C 05-3570, 2005 U.S. Dist. LEXIS 31915, at *4 (N.D. Cal. Nov. 23, 2005). Removal statutes are construed restrictively. Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988). Doubts as to removability are resolved in favor of remanding the case to state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

### IV. DISCUSSION

**A. Motion to Remand**

Plaintiff moves to remand this action to state court on the ground that none of Plaintiff's eight causes of action arise under federal patent law. (Motion to Remand at 6-7.) Defendants contend that Plaintiff has alleged claims that require the application and determination of federal patent law.[6]

Title 28 U.S.C. § 1338(a) provides that the district courts shall have original and exclusive jurisdiction of any civil action arising under any act of Congress relating to patents. Section 1338(a) jurisdiction extends "only to those cases in which a well pleaded complaint establishes either [(1)] that federal patent law creates the cause of action or [(2)] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well pleaded claims." Christianson v. Colt Indus. Operating

---

[6] (Defendants' Opposition to Plaintiff's Motion to Remand Removed Action at 1, hereafter, "Opposition," Docket Item No. 26.)

4

Corp., 486 U.S. 800, 808-09 (1988). "If on the face of a well-pleaded complaint there are reasons completely unrelated to the provisions and purposes of the patent laws why the plaintiff may or may not be entitled to the relief it seeks, then the claim does not 'arise under' those laws." Id. at 810 (internal citations and quotations omitted). "It is well settled that if the [plaintiff] pleads a cause of action based on rights created by contract, or on the common law of torts, the case is not one 'arising under' the patent laws." Jim Arnold Corp. V. Hydrotech Sys., Inc., 109 F.3d 1567, 1572 (Fed. Cir. 1997) (citations omitted).[7]

Here, the Court finds that none of Plaintiff's claims meet the test set forth in Christianson for jurisdiction under federal patent law. Plaintiff's claims and the damages Plaintiff seeks are based solely on state law. For example, Plaintiff seeks relief from the parties' contract on the grounds of fraud and mistake[8] or rescission of the agreement.[9] In addition, Plaintiff seeks damages that arise under state law causes of action including breach of contract[10] and conspiracy to commit fraud.[11] Further, Plaintiff seeks imposition of a constructive trust[12] and an injunction.[13] Finally, to the extent there is a conflict regarding ownership of the patent portfolio, that too is a matter for the state court, as claims concerning patent ownership do not create federal jurisdiction. See Jim Arnold Corp., 109

---

[7] See also Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1264 (Fed. Cir. 1999), abrogated by statute on other grounds, (finding allegations that defendant's unfair, unlawful and collusive actions deprived the plaintiff of its ownership of four patents did not arise under federal patent law and thus deprived Federal Circuit of appellate jurisdiction); Tech. Licensing Corp. v. Intersil Corp., No. 09-4097, 2009 U.S. Dist. Lexis 129941, at *1-3 (N.D. Cal. Dec. 18, 2009) (finding that remand was proper because, although the parties' dispute arose from a patent license agreement, the plaintiff's complaint asserted only breach of contract and related state law claims).

[8] See Cal. Civ. Code § 3412

[9] See Cal. Civ. Code § 1692.

[10] See Cal. Civ. Code § 3300.

[11] See Cal. Civ. Code § 3294(a).

[12] See Cal. Civ. Code §§ 2223, 2224; Communist Party v. 522 Valencia, Inc., 35 Cal. App. 4th 980, 990 (Cal. App. 1995).

[13] See Cal. Civ. Code §§ 3420, *et seq*; Cal. Code. Civ. Proc. § 527(a).

5

F.3d at 1572. Thus, federal patent law does not create any of Plaintiff's causes of action, nor does Plaintiff's right to relief necessarily depend on resolution of a substantial question of patent law.

Defendants rely on U.S. Valves, Inc. v. Dray[14] and Smith v. Healy[15] as support for the contention that Plaintiff's claims are preempted by federal patent law. (Opposition at 7.) The Court finds both cases distinguishable. In U.S. Valves, the plaintiff, an exclusive patent licensee, alleged the defendant licensor breached the license by selling patented products. 212 F.3d at 1372. The Federal Circuit held that the licensee's right to relief required an interpretation of the patents in order to determine if the sold products were covered by the licensed patents. Id. Similarly, the plaintiffs in Smith, "[sought] general damages for [d]efendants' production of [p]laintiff's product without [p]laintiffs' permission rather than seeking enforcement of a royalty agreement." 2010 U.S. Dist. LEXIS 107627, at *22. Here, unlike U.S. Valves or Smith, Plaintiff does not allege that Defendants sold any allegedly infringing product, but instead alleges that Defendants were engaged in efforts to commercialize Plaintiff's inventions by way of licensing efforts. Plaintiff is seeking relief from a contract which he alleges was entered into by means of fraud or mistake, or alternatively, damages for Defendants' failure to abide by the terms of that contract. Thus, no analysis or construction of the patents is required. Rather, the analysis will involve consideration of state law principles such as contract formation and performance.

Accordingly, the Court GRANTS Plaintiff's Motion to Remand.

**B.   Motion to Compel Arbitration and Motion to Dismiss**

Defendants move to compel arbitration on the ground that the parties' agreement included a provision requiring submission of any dispute arising under the agreement to binding arbitration.[16] In addition, Defendants move to dismiss Plaintiff's Complaint on the grounds that Plaintiff fails to allege sufficient facts to state any claim against DE Leckrone, DM Leckrone, Davis or Alliacense

---

[14] 212 F.3d 1368 (Fed. Cir. 2000).

[15] No. 10-0072, 2010 U.S. Dist. LEXIS 107627 (D. Or. Oct. 7, 2010).

[16] (Memorandum of Points and Authorities in Support of Defendants' Motion to Compel Arbitration at 1, Docket Item No. 9.)

6

and that Plaintiff fails to allege any claim for injunctive relief, cancellation or rescission.[17] In light of the Court's decision to remand this action to state court, the Court DENIES Defendants' Motions as moot.

### V. CONCLUSION

The Court GRANTS Plaintiff's Motion to Remand and DENIES Defendants' Motion to Compel Arbitration and Motion to Dismiss as moot.

The Clerk shall immediately remand this case to the Superior Court of California, County of Santa Clara and close this file. Each party shall bear their own fees and costs.

Dated: January 20, 2011

JAMES WARE
United States District Chief Judge

---

[17] (Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Pursuant to F.R.C.P. Rule 12(b)(6) at 1, Docket Item No. 11.)

7

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Jon Mark Thacker jthacker@ropers.com
Kenneth Harlin Prochnow kprochnow@chilesprolaw.com
Lita Monique Verrier lverrier@rmkb.com
Michael J. Ioannou mioannou@rmkb.com
Robert Clive Chiles rchiles@chilesprolaw.com

**Dated: January 20, 2011**     **Richard W. Wieking, Clerk**

**By:     /s/ JW Chambers**
       **Elizabeth Garcia**
       **Courtroom Deputy**